**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ASIA JOHNSON<br>1006 South 23rd<br>Harrisburg, PA 17104<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES POSTAL SERVICE<br>1475 Crooked Hill Road<br>Harrisburg, PA 17107<br><br>   Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Asia Johnson (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant United States Postal Service (hereinafter "Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress Defendant's violations of the Family and Medical Leave Act ("FMLA"). Defendant fired Plaintiff because she requested and took an FMLA leave of absence.  As a result of Defendant's unlawful actions, Plaintiff suffered damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FMLA.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

1

4.      Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.      The foregoing paragraphs are incorporated herein as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant does business in Pennsylvania at the address set forth in the caption.

8.      At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

9.      The foregoing paragraphs are incorporated herein as if set forth in full.

10.      On or around September 23, 2013, Defendant hired Plaintiff as a Processing Clerk, a temporary position.

11.      Plaintiff's mother suffers from bi-polar disorder and depression (hereinafter collectively referred to as her mother's "Medical Condition").

12.      Throughout Plaintiff's employment with Defendant, Plaintiff needed to take off from work on an intermittent basis to provide care to her mother when her mother suffered a flare-up of her Medical Condition.

13.      In or around April 2014, Plaintiff applied and was approved for intermittent FMLA leave when she needed to provide care to her mother.

14.      In or around February 2015, Plaintiff's mother was admitted to the hospital overnight due to her Medical Condition.

501b779e69ae39fe

15.     Accordingly, Plaintiff used her FMLA and called out of work to tend to her mother.

16.     Thereafter, Defendant sent Plaintiff a letter stating that she was terminated due to her attendance.

17.     Plaintiff immediately complained to her union representative of Defendant's termination of her employment.

18.     In response to Plaintiff's complaint to the union, Defendant reinstated Plaintiff's employment.

19.     On or around July 25, 2015, Defendant made Plaintiff a "career employee" (i.e. permanent employee).

20.     In or around August 2015, Plaintiff began to suffer from severe back pain due to an injury (i.e. bulging discs in her spine) she suffered in a motor vehicle accident in 2013.

21.     As a result of same, Plaintiff applied for intermittent FMLA leave so that she could seek treatment when she suffered a flare-up of her back injury.

22.     On or around September 10, 2015, Plaintiff's back pain was so severe that Plaintiff called out of work, via Defendant's procedure, indicating that she was taking FMLA-protected medical leave.

23.     On or around September 11, 2015, Plaintiff returned to work. Upon arriving at work, Defendant called Plaintiff into a meeting and fired her.

24.     Defendant expressly informed Plaintiff that Defendant's reason for firing Plaintiff was Plaintiff's alleged unauthorized absence on September 10th, the day Plaintiff took FMLA-protected medical leave due to her back injury.

25.     Defendant also fired Plaintiff because (but did not so state) Plaintiff requested and took FMLA-protected leave prior to September 10th and/or to prevent her from taking FMLA-protected leave in the future.

26.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**COUNT I**
**Violations of the Family and Medical Leave Act**
**(Interference)**

27.     The foregoing paragraphs are incorporated herein as if set forth in full.

28.     Plaintiff was an eligible employee under the definitional terms of the FMLA.

29.     As of February 2015, Plaintiff was employed by Defendant for at least twelve (12) months.

30.     Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) month period preceding September 2015.

31.     Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2014 and 2015.

32.     Plaintiff's mother's Medical Condition constituted a serious health condition under the FMLA.

33.     Plaintiff's back injury constituted a serious health condition under the FMLA.

34.     Under the FMLA, Plaintiff was entitled to receive up to a total of twelve (12) weeks job-protected leave for her own serious medical condition and/or to provide care to her mother for her own serious health condition.

35.     Defendant interfered with Plaintiff's FMLA rights by failing to designate absences that Plaintiff took due to her back injury as FMLA-protected leave.

36.     Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff for requesting FMLA leave, for taking FMLA leave, and/or to prevent her from taking FMLA leave in the future.

37.     As a result of Defendant's actions as described above, Defendant violated the FMLA, causing Plaintiff to suffer damages.

## COUNT II
### Violations of the Family and Medical Leave Act
**(Retaliation)**

38.     The foregoing paragraphs are incorporated herein as if set forth in full.

39.     Defendant retaliated against Plaintiff by firing her for requesting and/or taking FMLA-protected leave.

40.     As a result of Defendant's actions as described above, Defendant violated the FMLA, causing Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disabilities, record of disabilities, perceived disabilities and/or record of perceived disabilities;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C.     Plaintiff is to be awarded liquidated damages;

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

E.     Plaintiff is to be awarded all other equitable and legal relief as the Court deems just, proper and appropriate;

F.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable

law.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Matthew D. Miller*
Matthew D. Miller, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
1101 Kings Hwy N, Ste. 402
Cherry Hill, NJ 08034
Ph: (856) 685-7420
Fax: (856) 685-7417
*Attorneys for Plaintiff*

Dated: August 30, 2017